United States District Court
Southern District of Texas
**ENTERED**
June 02, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| HUMANA INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:23-cv-141 |
| | § | |
| LPH HEALTHCARE, LLC D/B/A LAREDO EMERGENCY ROOM | § | |
| | § | |

**ORDER**

The parties filed a joint stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (Dkt. No. 37).[1] Generally, parties in a civil suit may dismiss claims without a court order upon filing a stipulation of dismissal "signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). This general rule is subject to limitations in class action suits, shareholder derivative suits, and suits where the Court has appointed a receiver. *See* Fed. R. Civ. P. 41(a)(1)(A). Unless otherwise indicated, Rule 41(a)(1)(A)(ii) dismissals operate without prejudice. Fed. R. Civ. P. 41(a)(1)(B).

Here, all parties signed the stipulation, none of the above limitations apply, and the parties expressly request that Plaintiff's claims be dismissed with prejudice (*see* Dkt. No. 37). Therefore, the stipulation's filing automatically dismissed Plaintiff's claims with prejudice. *See Def. Distributed v. U.S. Dep't of State*, 947 F.3d 870, 873 (5th Cir. 2020) (quoting *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 415–16 (5th Cir. 2018)).

[1] Although the parties did not specify which subsection of Rule 41 that they seek dismissal under, the Court interprets it as under Rule 41(a)(1)(A)(ii) since it is a joint stipulation signed by all appearing parties.

Because no claim remains pending in this case, the Clerk of Court is **DIRECTED** to **TERMINATE** this civil action.

It is so **ORDERED**.

**SIGNED** June 2, 2025.

Marina Garcia Marmolejo
United States District Judge